UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE: VERNON D. WALTZ, | ) | |
| | ) | No. 02-94244-BHL-7 |
| | ) | |
| _____ | ) | |
| SIDNEY H. REDMON, | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | 4:11-cv-0038-SEB-TAB |
| | ) | |
| VERNON D. WALTZ, | ) | |
| Appellee. | ) | |

**Entry Discussing Selected Matters**

**I.**

This bankruptcy appeal was dismissed for lack of jurisdiction because no final judgment has been issued by the bankruptcy court nor has leave to pursue an interlocutory appeal been obtained. *See* 28 U.S.C. ' 158(a). Because the court lacked jurisdiction, the appeal was properly dismissed. There was no alternative to this disposition. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall 506, 514, 19 L.Ed. 264 (1868)).

Because the court was compelled to dismiss the appeal as described above, the motion to reconsider the disposition [18] is **denied.**

**II.**

The appellant Redmon now seeks leave to pursue an interlocutory appeal. He wants to challenge the non-final order in a bankruptcy adversary proceeding in which the bankruptcy court denied his motion to amend his complaint and/or his motion to reconsider that denial. Redmon argues that the bankruptcy court should have allowed him to add claims alleging that his debt should have been deemed non-dischargeable under 11 U.S.C. § 523(a).

The United States District Courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1), as well as certain interlocutory orders described in 28 U.S.C. § 158(a)(2). A party may also, "with leave of the court," appeal from other interlocutory orders and decrees pursuant to 28 U.S.C. § 158(a)(3). Neither § 158 nor the Federal Rules of Bankruptcy Procedure provide criteria to determine whether to grant leave to file an interlocutory appeal. Courts faced with this question have applied 28 U.S.C. §1292(b), which sets forth the requirements for interlocutory appeals from district courts to the courts of appeals. *See In re Sandenhill, Inc.,* 304 B.R. 692, 694 (E.D.Pa.2004).

"The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001). *See also In re UAL Corp.*, 411 F.3d 818, 821 (7th Cir. 2005) (district court has discretion under 28 U.S.C. § 158(a) to entertain an interlocutory appeal). "Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *Sims v. Sunnyside Land, LLC,* 425 B.R. 284, 290 (W.D.La. 2010) (internal quotation omitted).

There are four statutory criteria to guide the court in determining whether to grant an interlocutory appeal: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of University of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). All of the criteria must be satisfied to certify an interlocutory appeal. *Id.* at 676. A "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine…." *Id.* An interlocutory appeal should be permitted only when the contested issue is "a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record…." *Id.* at 677.

The decision of the bankruptcy court challenged by Redmon is far from being a "pure question of law." Redmon does not seek clarification of the meaning of a statute or regulation or other law. Rather, he challenges the exercise of the bankruptcy court's discretion in denying leave to amend the complaint. *Johnson v. Cyprus Hill,* 641 F.3d 867, 871-72 (7th Cir. 2011) ("[C]ourts have broad discretion to deny leave to amend…."). The appellant's motion for leave to appeal fails to satisfy even the first of the criteria discussed above. He does not challenge a question of law, much less a controlling question of law. Under these circumstances, the appellant's motion for leave to pursue an interlocutory appeal [17] must be **denied**.

**IT IS SO ORDERED.**

Date: _____11/03/2011_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Wilmer E. Goering II
ALCORN GOERING & SAGE
goering@agslawyers.com

R. Patrick Magrath
ALCORN GOERING & SAGE
magrath@agslawyers.com

Sidney H. Redmon
1022 Schumard Avenue
Cincinnati, OH 45215